———————o———————

## Thompson *v.* Bragg and Others.

INJUNCTION.—*Sheriff's Sale.*—*Appraisement.*—Application to enjoin a sheriff from proceeding with a sale of certain real estate on an execution issued upon a judgment against the plaintiff, subject to the appraisement laws, the only ground for the application sustained by the proof being irregularity in the appraisement. The court set aside the irregular appraisement, and ordered a new one to be made, and then dissolved the restraining order which had been issued.

*Held,* that there was no error.

APPEAL from the Hamilton Circuit Court.

RAY, J.—This was an application to enjoin a sheriff and

his deputies from proceeding with a sale of certain real estate by virtue of an execution issued upon a judgment against the appellant. The complaint charged that the appraisement of the property was irregular, and that the appellant had indicated sufficient property to satisfy the execution, which was issued upon a judgment subject to the appraisement laws. The court set aside the appraisement and ordered a new one to be made, and then dissolved the temporary restraining order which had been issued.

There was no error in the action of the court. The property, in the appraisement of which the irregularity complained of occurred, was a mill site, and a building containing a sash mill was attached to the soil, and was, in fact, under the proof, part of the realty, and should have been appraised as such. But the action of the court in ordering a new appraisement corrected the irregularity. It also very plainly appeared that no property had been indicated to the sheriff while the execution was in his hands, upon which he was directed to levy. Indeed, the only proof on the subject would indicate an attempt by the appellant to delay the collection of the judgment by urging a levy upon property largely in excess of the debt, and which had been repeatedly offered upon former executions. The aid of a court of equity should not be successfully invoked to defeat the collection of a judgment at law.

Judgment affirmed, with costs.

*E. S. Stone,* for appellant.

*D. Moss,* for appellees..